USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ADNAN ABOU AYYASH,

               Plaintiff,

     -v-

BANK AL-MADINA, et al.,

               Defendants.
------------------------------------------------------------x

04 Civ. 9201 (GEL)

OPINION AND ORDER

GERARD E. LYNCH, District Judge:

In this civil RICO action, plaintiff Adnan Abou Ayyash seeks over $1 billion in damages against defendant Lebanese banks and a number of individual defendants, who, he claims, defrauded him and other depositors of the defendant banks in a complex scheme involving wire fraud, money laundering, forgery, and embezzlement. On June 9, 2005, plaintiff moved ex parte for an order permitting expedited discovery from various New York banks regarding, among other things, any assets defendants may have in New York, and for the attachment of such assets.

Rule 26(d), Fed. R. Civ. P., provides that a party to a civil action may not seek discovery before the parties have conferred as required by Ruled 26(f), except in certain limited categories of case exempted from the initial disclosure rules "or when authorized . . . by [Court] order." The Rule does not provide a standard for determining when such orders should be granted. Several courts in this District have applied a four-part test derived from Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). See, e.g., Irish Lesbian and Gay Org. v. Giuliani, 918 F. Supp. 728, 730 (S.D.N.Y.1996); Advanced Portfolio Tech., Inc. v. Advanced Portfolio Tech. Ltd., No.

94 CIV. 5620 (JFK), 1994 WL 719696, at *3 (S.D.N.Y. Dec. 28, 1994). However, many recent cases reject Notaro and apply a more flexible "good cause" test. See, e.g., Special Situations Cayman Fund, L.P. v. Dot Com Entm't Group, Inc., No. 03-CV-0811E(F), 2003 WL 23350128, at *1 (W.D.N.Y. Dec. 5, 2003); Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc. 213 F.R.D. 418, 419-20 (D. Colo. 2003); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002). These latter cases seem to have the better of the argument. As the Rules permit the Court to act by order, but do not elaborate on the basis for taking action, it seems that the intention of the rule-maker was to confide the matter to the Court's discretion, rather than to impose a specific and rather stringent test. As one court has pointed out, the Notaro test is similar to the analysis necessary to justify the far more dramatic decision to grant a preliminary injunction, and employing a preliminary-injunction type analysis to determine entitlement to expedited discovery makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 623-24 (N.D. Ill. 2000). Rather, in deciding on a matter merely of regulating the timing of discovery, "it makes sense to examine the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." Id. at 624. (emphasis in original).

Accordingly, this Court will assess the application under the flexible standard of reasonableness and good cause, applying particularly careful scrutiny since plaintiff not only seeks expedition, but also moves on an ex parte basis. Even applying such heightened scrutiny, however, plaintiff clearly has shown good cause for seeking expedited discovery. Plaintiff has made a strong evidentiary showing of the substantiality of his claims. In light of that showing,

2

and in consideration of the fact that defendants are foreign individuals and corporations who have both incentive and capacity to hide their assets, there is considerable urgency to plaintiff's need to seek information about the location of defendants' possible assets within the United States. When the motion was made, plaintiff suggested that immediate ex parte action was warranted because the procedure of serving the defendants with the assistance of the Lebanese civil authorities would take six months to a year, during which assets may be dissipated. More recently, however, plaintiff has advised the Court that all but one of the defendants has been served. This only increases the urgency of the need for discovery, however, since defendants are now aware of the action (and thus have an incentive to conceal assets), and all but one of the defendants have failed to respond to the complaint (indicating disinclination to defend the matter on the merits, and making it appear futile to anticipate a prompt Rule 26(f) conference). The motion for expedited third-party discovery is therefore granted.

Plaintiff also seeks ex parte attachment of any assets it discovers, up to $1 billion. Under N.Y. C.P.L.R. 6212(a) and 6201(1), made applicable to these proceedings by Fed. R. Civ. P. 64, a plaintiff may obtain such attachment by showing that there is a probability of success on the merits, that the defendant is a non-domiciliary residing without the state, and that the amount demanded exceeds all known counterclaims. That standard is met here. The defendants are all non-New York domiciliaries resident abroad. While the difficulty of prevailing in civil RICO actions gives some pause, plaintiff has made a substantial showing of merit to his claims, and there are no known counterclaims. As to defendant Rene Moawad, who has appeared through counsel, plaintiff has withdrawn his request for ex parte relief. As to all other defendants, the

Court will grant the motion to permit attachment of the any assets discovered, up to the amount of $1 billion.

For the reasons stated above, and except to the extent that the motion is withdrawn as against defendant Moawad, plaintiff's motion is granted.

SO ORDERED:

Dated: New York, New York
July 8, 2005

_____
GERARD E. LYNCH
United States District Judge